IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE LYNN HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-296 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

**OPINION**
**AND**
**ORDER**

I. Synopsis

Pending before the Court are Cross-Motions for Summary Judgment. ECF Nos. [8] (Plaintiff) and [10] (Defendant). Both parties filed Briefs in support of their Motions. ECF Nos. [9] (Plaintiff) and [11] (Defendant). The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, Defendant's Motion, ECF No. [10], is granted and Plaintiff's Motion, ECF No. [8] is denied.

II. Background

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits pursuant to the Social Security Act ("Act"). Plaintiff alleges disability beginning June 20, 2012. ECF No. 3-2, 29. After Plaintiff's application was denied initially on January 7, 2013, she requested that her application be reviewed by an Administrative Law Judge ("ALJ"). *Id*. Plaintiff and a

1

Vocational Expert ("VE") testified at a hearing before the ALJ on October 23, 2013. *Id.* Subsequently, the ALJ denied Plaintiff's claims in an unfavorable decision on December 11, 2013. *Id.* After Plaintiff's request for review by the Appeals Council was denied, Plaintiff filed this cause of action seeking judicial review of the decision denying him benefits. ECF No. 9, 2.

III. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. A Claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Plaintiff's Motion

Plaintiff alleges that the ALJ erred by discrediting Plaintiff's pain, fatigue, and headaches resulting from her fibromyalgia and not restricting her to simple, routine work. *Id.* at 17-20. Plaintiff argues that because the ALJ should have limited her to simple, routine work, Grid Rule

202.06 compelled the ALJ to find Plaintiff disabled starting in September 2012, when the Plaintiff turned 55 years old. *Id.* at 17.[1]

Pursuant to Rule 202.06, where a claimant's maximum sustained work capacity is limited to light work as a result of severe medically determinable impairment(s), the claimant is of advanced age, the claimant's education is high school graduate or more, and the claimant's work experience is "skilled or semiskilled—skills not transferable," then the ALJ is directed to find the claimant disabled. 20 C.F.R. Pt. 404, Sub. Pt. P, Appx 2, Sec. 202.06. Here, at step four, the ALJ concluded that Plaintiff "has the residual functional capacity ["RFC"] to perform light work as defined in 20 C.F.R. 404.1567(c) except [she] is limited to occasional climbing ropes, ladders and scaffolds, and frequent bending, balancing, crouching, stopping, kneeling, and crawling." ECF No. 3-2, 34. Based on her RFC finding and because the Vocational Expert ("VE") testified that Plaintiff's past relevant work as an administrative assistant was sedentary, skilled (SVP 6) work, the ALJ concluded that Plaintiff is capable of performing her past relevant work. *Id.* at 41. Because the ALJ found that Plaintiff's skilled work history is transferable, she did not address Rule 202.06. Thus, boiled to its essence, Plaintiff's argument is an attack of the ALJ's RFC determination—Plaintiff asserts that the ALJ erred in her RFC decision because the ALJ improperly discredited Plaintiff's testimony due to a misunderstanding of the nature of the disease of fibromyalgia. ECF No. 9, 19. I disagree.

" 'Residual Functional Capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).' " *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 12, 121 (3d Cir. 2000))

---

[1] In addition to arguing that the ALJ erred by failing to restrict her to simple, routine work, in a footnote, Plaintiff further argues that her fibromyalgia prevents her from performing any work activity on a full-time basis. ECF No. 9, 17 n.5.

4

(citations omitted); 20 C.F.R. § 404.1545(a)(1) (RFC determination is an assessment of the most an individual can do given her limitations); *see also* SSR 96-8p. In determining a claimant's RFC, all of the claimant's impairments, including those not considered "severe" must be considered. 20 C.F.R. § 404.1545(a)(2). Additionally, the ALJ is required to consider all of the evidence before her, including the medical evidence, a claimant's subjective complaints, and evidence of the complainant's activity level. *Burnett*, 220 F.3d at 121 (citations omitted); *Fargnoli*, 247 F.3d at 41. Further, "the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (citation omitted).

There is no question that fibromyalgia, an elusive problem, poses special circumstances in the social security arena. In evaluating fibromyalgia, courts acknowledge that symptoms of the disease are entirely subjective and medical testing may not be able to assess its severity. *Singleton v. Astrue*, 542 F. Supp. 2d 367, 377 (D. Del. 2008) (citing *Wilson v. Apfel*, 1999 WL 993723, *1, n.1 (E.D. Pa. 1999)). Because of the subjectivity of the symptoms of fibromyalgia, the credibility of a claimant's testimony is paramount when evaluating whether a claimant's fibromyalgia impairment is disabling. *Singleton*, 542 F. Supp. 2d at 378. "[G]reat weight must be given to a claimant's testimony regarding her subjective pain, especially when that testimony is supported by competent medical evidence." *Lintz v. Astrue*, Civ. Action No. 08-424, 2009 WL 1310646, at *7 (W.D. Pa. 2009) (citing *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 n.10 (3d Cir. 1997)). Moreover, the reports prepared by doctors treating a claimant with fibromyalgia are particularly significant and, of course, subject to the "Treating Physician Doctrine," which prescribes that great weight should be given to the opinion of a physician who has had the opportunity to continually observe the patient over a prolonged period of time. *Id.* (internal

citations omitted); *Perl v. Barnhart*, Civ. Action No. 03-4580, 2005 WL 579879, at *3 (E.D. Pa. Mar. 10, 2005); *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). Still, a claimant who has been diagnosed with fibromyalgia will not automatically be classified disabled under the Social Security Act. *Id.* "Even in fibromyalgia cases, the ALJ must compare the objective evidence and the subjective complaints and is permitted to reject plaintiff's subjective testimony so long as he provides a sufficient explanation for doing so." *Nocks v. Astrue*, 626 F. Supp. 2d 431, 446 (D. Del. 2009). Accordingly, when assessing a complainant's symptoms of fibromyalgia, an ALJ may consider whether the record reveals clinical documentation of the complainant's symptoms and whether diagnosing physicians reported on the severity of the condition. *Singleton v. Astrue*, 542 F. Supp. 2d at 378; *see also* SSR 12-2p (evaluation of fibromyalgia).

Additionally, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano*, 637 F.2d 968, 969 & 972 (3d Cir. 1981). The ALJ must consider "the entire case record" in determining the credibility of an individual's statements. SSR 96-7p. An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. § 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility

6

determinations unless they are not supported by substantial evidence. *Smith*, 637 F.2d at 972; *see also Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Upon careful review of the record, I find that the ALJ properly considered Plaintiff's fibromyalgia in crafting her RFC and that the ALJ's RFC determination is supported by substantial evidence.

First, I find the ALJ's thorough assessment of Plaintiff's pain and fatigue demonstrates that she understood the unique circumstances present in a case involving the disease of fibromyalgia. Here, the ALJ fully detailed Plaintiff's subjective complaints of pain, ECF No. 3-2, 35, and then gave a detailed explanation why she found Plaintiff not entirely credible: "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible in light of the clinical and objective medical evidence, the opinion evidence . . . , the degree and effectiveness of treatment, and the claimant's activities of daily living." *Id.* at 36. As the ALJ noted, Plaintiff alleged, *inter alia*, that she had extreme fatigue; sore legs upon waking; neck pain and muscle spasms in her back; that she needs to lie down 4-6 times per day, for a half hour each time, to relieve her fatigue—and sitting and standing for long periods made it worse; that she experienced weekly migraine headaches that lasted all day, and that her pain and fatigue interfered with her concentration. ECF No. 3-2, 35, 38. The ALJ carefully weighed Plaintiff's symptoms of pain and fatigue, comparing her symptoms with various MRI scans and detailing Plaintiff's history of pain management, which mainly was addressed with prescription medications, such as Percocet, Baclofen, and Lyrica, and trigger point injection therapy. ECF No. 36-38. The ALJ also noted that Plaintiff was not currently in physical therapy, but that she had attended at some point prior; Plaintiff did not use

7

any devices to help with the pain, such as a brace; Plaintiff acknowledged that the medication seemed to be working with no side-effects; and Plaintiff had not experienced any exacerbation of her systems, allowing her course of treatment to remain consistent. *Id.* at 38.

After a thorough review of the objective medical evidence, the ALJ then explained why the clinical documentation underlying the opinion evidence also undercut Plaintiff's credibility as to the severity of her symptoms. For example, the ALJ explained that the majority of the September 2013 opinion provided by Dr. Savit, a treating neurologist, was not supported by the doctor's own clinical findings "which document a full range of motion of the neck, normal strength throughout, normal sensation, normal finger-to-nose coordination, and normal toe and heel walking and tandem gait," and that the most recent diagnostic studies "show a normal brain, no new or additional plaques in the cervical spinal cord, and only mild, tiny or small abnormalities on MRI studies of the cervical and lumbar regions of the spine (Exhibits 9F, 14F, 15F)." *Id.* at 39-40. The ALJ concluded by noting that "[t]here are relatively minimal abnormalities on diagnostic studies and on physical examinations with respect to the claimant's musculoskeletal conditions." *Id.*

Additionally, the ALJ explained how Plaintiff's daily activities documented greater functional ability than alleged. ECF No. 3-2, 39. For instance, the Plaintiff reported that, *inter alia*, she helps to care for her ailing father and takes him to doctor's appointments, listens to audio books for hours at a time, and has worked on home renovations. *Id.* (citing Plaintiff's Testimony and Exhibit 3E—claimant's function report).

Accordingly, I find the ALJ did not err in evaluating Plaintiff's fibromyalgia and in giving Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms limited weight. Because the ALJ carefully considered Plaintiff's subjective claims of

fatigue and pain, weighed it with the rest of the evidence, particularly the medical evidence and the clinical documentation underlying the opinion evidence, and found it to be inconsistent with the evidence as a whole, I find that substantial evidence supports the ALJ's RFC determination and disability decision.

    IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I deny Plaintiff's motion for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE LYNN HAYES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 15-296 |
| CAROLYN W. COLVIN, Commissioner of Social Security | ) |
| Defendant. | ) |

AMBROSE, U.S. Senior District Judge

ORDER

AND NOW, this 24th day of September, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [8]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [10]) is GRANTED.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge